1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2    dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California 91367
   Telephone: (818) 347-3333
4  Facsimile: (818) 347-4118

5  LAW OFFICE OF JOHN C. FATTAHI
   John C. Fattahi, Esq. (Bar No. 247625)
6    jfattahi@gmail.com
   1010 North Central Avenue
7  Glendale, California 91202
   Telephone: (818) 839-1983
8  Facsimile: (818) 561-3600

9  *Attorneys for Plaintiffs R.S. and Phyllis Hallstrom*

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

| 13 | R.S., a minor by and through her guardian ad litem Breana Shine, individually and as successor-in-interest to Jason Erling Hallstrom, and PHYLLIS HALLSTROM, | Case No. SACV 14-00589 CAS (FFMx) |
|---|---|---|
| | Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| | vs. | 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) |
| | CITY OF SANTA ANA, OFFICER PETER C. PICONE, OFFICER JOHN C. RODRIGUEZ, and Does 1-10, inclusive, | 2. Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983) |
| | Defendants. | 3. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983) |
| | | 4. Municipal and Supervisorial Liability (42 U.S.C. § 1983) |
| | | 5. Battery |
| | | 6. Negligence |
| | | 7. False Arrest/False Imprisonment |
| | | 8. Violation of Bane Act (Cal. Civ. Code § 52.1) |
| | | **DEMAND FOR JURY TRIAL** |

# COMPLAINT

COME NOW, Plaintiffs R.S. and Phyllis Hallstrom, for their complaint against Defendants City of Santa Ana, Officer Peter C. Picone, Officer John C. Rodriguez, and Does 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Jason Erling Hallstrom.

## PARTIES

4. At all relevant times, the decedent Jason Erling Hallstrom ("Decedent") was an individual residing in the County of Orange, California.

5. Plaintiff R.S. is a minor individual born in the year 1998 and residing in the State of New Jersey, and is the natural born child of Decedent. R.S. brings

this action by and through her guardian ad litem, Breana Shine. R.S. sues both in her individual capacity as the daughter of Decedent and as a successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.60. R.S. seeks both survival damages and wrongful death damages under federal and state law.

6. Plaintiff PHYLLIS HALLSTROM is an individual residing in the County of Orange, California, and is the natural mother of Decedent.

7. At all relevant times, Defendant CITY OF SANTA ANA ("CITY") is and was a municipal corporation existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants OFFICER PETER C. PICONE ("PICONE"), OFFICER JOHN C. RODRIGUEZ ("RODRIGUEZ"), and DOES 1-10. On information and belief, at all relevant times, PICONE, RODRIGUEZ, and DOES 1-10 were residents of the County of Orange, California. PICONE, RODRIGUEZ, and DOES 1-10 are sued in their individual capacity.

8. At all relevant times, Defendants PICONE, RODRIGUEZ, and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

9. At all relevant times, Defendants PICONE, RODRIGUEZ, and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants PICONE, RODRIGUEZ, and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

11. The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously-named

1  defendants is responsible in some manner for the conduct or liabilities alleged
2  herein.
3      12.    At all times mentioned herein, each and every defendant was the agent
4  of each and every other defendant and had the legal duty to oversee and supervise
5  the hiring, conduct and employment of each and every defendant.
6      13.    Plaintiffs filed comprehensive and timely claims for damages with
7  CITY pursuant to applicable sections of the California Government Code. R.S. filed
8  her claim on August 5, 2013, and PHYLLIS HALLSTROM filed her claim on
9  August 19, 2013. CITY gave notice of its rejection of both claims on November 19,
10 2013.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13     14.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
14 through 13 of this Complaint with the same force and effect as if fully set forth
15 herein.
16     15.    At approximately 3:00 PM on March 15, 2013, Decedent was a
17 passenger in a Nissan sedan driven by Travis Mock on the Interstate 5 freeway in
18 Santa Ana, California.
19     16.    PICONE and RODRIGUEZ, members of Santa Ana's full-time SWAT
20 team called the "Strike Force," participated in a vehicle pursuit of the Nissan.
21     17.    On information and belief, Decedent and Mock had not committed any
22 crime. PICONE and RODRIGUEZ had neither reasonable suspicion to detain
23 Decedent and Mock nor probable cause to arrest them.
24     18.    PICONE, RODRIGUEZ, and DOES 1-5 detained Decedent and Mock.
25     19.    Near the intersection of 15th Street and Grand Avenue, PICONE and
26 RODRIGUEZ fired several gunshots at Mock and Decedent from behind. Decedent
27 sustained two gunshot wounds to his back from two separate bullets.
28

Case 8:14-cv-00589-CAS-FFM   Document 12   Filed 06/19/14   Page 5 of 19   Page ID #:79

20.     Decedent was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone.  There were other reasonable alternatives available to PICONE and RODRIGUEZ.  Shooting Decedent under the circumstances could not possibly further any legitimate law enforcement objective.

21.     As Decedent lay on the ground obviously suffering from his gunshot wounds, PICONE, RODRIGUEZ, and DOES 1-5 unreasonably delayed and denied medical attention for Decedent.

22.     As a result of Defendants' conduct, Decedent experienced profound pain and suffering, emotional distress, and mental anguish, and incurred medical expenses.  While Decedent was dying in the hospital, DOES 1-5 prevented him from receiving visitors, including his mother Plaintiff PHYLLIS HALLSTROM.  On March 23, 2013, also as a result of Defendants' conduct, Decedent ultimately lost his life and the enjoyment of his life.

23.     As a result of Defendants' conduct, R.S. lost Decedent's love, companionship, comfort, care, assistance, protection, affection, society, support, training, and guidance, and experienced emotional distress and mental anguish.

24.     As a result of Defendants' conduct, PHYLLIS HALLSTROM lost Decedent's love, companionship, comfort, care, assistance, protection, affection, society, support, training, and guidance, experienced emotional distress and mental anguish, and incurred funeral and burial expenses.

25.     In February 2011, Mock had been shot in the back by an off-duty police lieutenant in nearby Anaheim.  On May 23, 2012, Mock had filed a federal civil rights lawsuit in this district claiming he was subjected to excessive deadly force (Case No. CV 12-00829 BRO), and his deposition in that case was set to take place at 10:00 AM on March 16, 2013.  On information and belief, Mock's prior claim of excessive force at least partially motivated PICONE and RODRIGUEZ to pursue and shoot Mock and Hallstrom.

FIRST AMENDED COMPLAINT

# FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

**(By R.S. Against PICONE, RODRIGUEZ, and DOES 1-5)**

26. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. Defendants PICONE, RODRIGUEZ, and DOES 1-5 caused Decedent to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. These defendants detained Decedent without reasonable articulable suspicion, arrested him without a warrant or probable cause, and seized him in an unreasonable manner.

28. DOES 1-5 also unreasonably denied Decedent any visitation while he was in the hospital, including from his mother Plaintiff PHYLLIS HALLSTROM, and such denial was neither narrowly tailored to accomplish a substantial government interest, nor reasonably related to any legitimate safety or disciplinary concern. The denial of visitation also violated Decedent's First Amendment right to freedom of familial association.

29. As a result of the conduct of PICONE, RODRIGUEZ, and DOES 1-5 they are liable for Decedent's injuries, either because they were integral participants in the unreasonable detention and arrest, or because they failed to intervene to prevent these violations.

30. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety, and therefore warrants the imposition of exemplary and punitive damages.

31. R.S. seeks survival damages under this claim as a successor-in-interest to Decedent.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

### (By R.S. Against PICONE, RODRIGUEZ, and DOES 1-5)

32. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. The unreasonable use of force by PICONE and RODRIGUEZ, including shooting a firearm at Decedent's back, deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. PICONE, RODRIGUEZ, and DOES 1-5 unreasonably delayed and denied medical assistance for Decedent.

35. All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the shooting, therefore rendering PICONE and RODRIGUEZ liable under an excessive escalation theory.

36. PICONE, RODRIGUEZ, and DOES 1-5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

37. As a result, Decedent suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

38. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

39. R.S. seeks survival damages under this claim as a successor-in-interest to Decedent.

# THIRD CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

**(By R.S. and PHYLLIS HALLSTROM Against PICONE, RODRIGUEZ, and DOES 1-5)**

40. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41. Plaintiffs R.S. and PHYLLIS HALLSTROM had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father and son, Decedent.

42. As a result of the excessive force by PICONE and RODRIGUEZ, Decedent lost his life.

43. The aforementioned actions of PICONE and RODRIGUEZ, along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights and safety of Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

44. DOES 1-5 also unreasonably denied Decedent any visitation while he was in the hospital, including from his mother Plaintiff PHYLLIS HALLSTROM, and such denial was neither narrowly tailored to accomplish a substantial government interest, nor reasonably related to any legitimate safety or disciplinary concern. The denial of visitation also violated PHYLLIS HALLSTROM's First Amendment right to freedom of familial association.

45. Defendants PICONE, RODRIGUEZ, and DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of R.S. and

1 PHYLLIS HALLSTROM to be free from unwarranted interference with their
2 familial relationship with their father and son, Decedent.

3     46. As a direct and proximate cause of the acts of PICONE and
4 RODRIGUEZ, R.S. and PHYLLIS HALLSTROM suffered emotional distress,
5 mental anguish, and pain. R.S. and PHYLLIS HALLSTROM have also been
6 deprived of Decedent's love, companionship, comfort, care, assistance, protection,
7 affection, society, support, training, and guidance, and will continue to be so
8 deprived for the remainder of their lives.

9     47. R.S. and PHYLLIS HALLSTROM seek wrongful death damages under
10 this claim in their individual capacities. PHYLLIS HALLSTROM also seeks
11 damages for being denied visitation with Decedent while he was dying in the
12 hospital.

13     48. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was willful,
14 wanton, malicious, and done with reckless disregard for the rights and safety of
15 Decedent, R.S., and PHYLLIS HALLSTROM, and therefore warrants the
16 imposition of exemplary and punitive damages.

17

18 **FOURTH CLAIM FOR RELIEF**
19 **Municipal and Supervisory Liability (42 U.S.C. § 1983)**
20 **(By R.S. and PHYLLIS HALLSTROM Against CITY and DOES 6-10)**

21     49. Plaintiffs repeat and reallege each and every allegation in paragraphs 1
22 through 48 of this Complaint with the same force and effect as if fully set forth
23 herein.

24     50. On and for some time prior to March 15, 2013 (and continuing to the
25 present date), Defendants CITY and DOES 6-10 deprived Decedent, R.S., and
26 PHYLLIS HALLSTROM of the rights and liberties secured to them by the Fourth
27 and Fourteenth Amendments to the United States Constitution, in that said
28 defendants and their supervising and managerial employees, agents, and

representatives, acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general, and of Decedent, R.S., and PHYLLIS HALLSTROM, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of:

(a) employing and retaining as police officers and other personnel, including PICONE and RODRIGUEZ, who Defendants CITY and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and constitutional mandates regarding unreasonable seizures;

(b) condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including PICONE and RODRIGUEZ, who Defendants CITY and DOES 6-10 each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants PICONE and RODRIGUEZ, who are CITY police officers;

(d) failing to adequately train officers regarding unreasonable seizures, including Defendants PICONE and RODRIGUEZ, and failing to institute appropriate policies, including constitutional procedures and practices for the use of deadly force and conducting vehicle pursuits; and

(e) detaining and arresting individuals without probable cause or reasonable suspicion, preventing family from visiting detainee victims of officer-involved shootings in the hospital, conducting vehicle pursuits in an unreasonable manner, and using excessive force and force that shocks the conscience, including the use of deadly force, which also is demonstrated by inadequate training and ratification regarding these subjects.

51. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, R.S., and PHYLLIS HALLSTROM, and other individuals similarly situated.

52. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 6-10 acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of Decedent, R.S., and PHYLLIS HALLSTROM. Defendants CITY and DOES 6-10 and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

53. By reason of the aforementioned policies and practices of Defendants CITY and DOES 6-10, Decedent, R.S., and PHYLLIS HALLSTROM suffered serious injuries and other harm.

54. The policies, practices, and customs implemented and maintained and still tolerated by CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Decedent, R.S., and PHYLLIS HALLSTROM.

55. The conduct of DOES 6-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling R.S. and PHYLLIS HALLSTROM to an award of exemplary and punitive damages.

56. R.S. and PHYLLIS HALLSTROM seek wrongful death damages under this claim in their individual capacities. R.S. also seeks survival damages under this claim as a successor-in-interest to Decedent.

## FIFTH CLAIM FOR RELIEF

### Battery

**(By R.S. Against CITY, PICONE, and RODRIGUEZ)**

57. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58. PICONE and RODRIGUEZ, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against Decedent, including but not limited to shooting him with handguns. PICONE and RODRIGUEZ had no legal justification for using force against Decedent, and their use of force while carrying out their police duties was unreasonable.

59. Decedent suffered harm and died, and R.S. suffered harm, as a direct and proximate result of the conduct of PICONE and RODRIGUEZ as alleged above.

60. CITY is vicariously liable for the wrongful acts of PICONE and RODRIGUEZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. The conduct of PICONE and RODRIGUEZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling R.S. to an award of exemplary and punitive damages.

62. R.S. seeks wrongful death damages under this claim in her individual capacity. R.S. also seeks survival damages under this claim as a successor-in-interest to Decedent.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (By R.S. and PHYLLIS HALLSTROM Against CITY, PICONE, RODRIGUEZ, and DOES 1-10)

63. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. The actions and inactions of CITY employees, including PICONE, RODRIGUEZ, and DOES 1-10 were negligent and reckless, including but not limited to:

 (a) the failure to properly and adequately assess the need to detain, arrest, and use force against Decedent;
 (b) the failure to monitor and record any use of force by CITY Police Officers, including PICONE and RODRIGUEZ;
 (c) the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including PICONE and RODRIGUEZ;
 (d) the negligent tactics and handling of the incident;
 (e) the negligent detention, arrest, and use of force against Decedent;

      (f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Decedent's rights;

      (g)     preventing PHYLLIS HALLSTROM from visiting Decedent in the hospital;

      (h)     the negligent handling of evidence and witnesses; and

      (i)     the negligent communication of information during the incident.

65. Decedent suffered harm and died, and R.S. and PHYLLIS HALLSTROM suffered harm, as a direct and proximate result of CITY employees' conduct as alleged above.

66. CITY is vicariously liable for the wrongful acts of its employees, including PICONE, RODRIGUEZ, and DOES 1-10, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of CITY employees, including PICONE, RODRIGUEZ, and DOES 1-10, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, R.S., and PHYLLIS HALLSTROM, entitling them to an award of exemplary and punitive damages.

68. R.S. seeks wrongful death damages under this claim in her individual capacity. R.S. also seeks survival damages under this claim as a successor-in-interest to Decedent. PHYLLIS HALLSTROM also seeks damages for being denied visitation with Decedent while he was dying in the hospital.

## SEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (By R.S. Against CITY, PICONE, RODRIGUEZ, and DOES 1-5)

69. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. PICONE, RODRIGUEZ, and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived Decedent of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. PICONE, RODRIGUEZ, and DOES 1-5, detained and arrested Decedent without reasonable suspicion or probable cause.

71. Decedent did not knowingly or voluntarily consent.

72. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was a substantial factor in causing Decedent's harm.

73. CITY is vicariously liable for the wrongful acts of PICONE, RODRIGUEZ, and DOES 1-5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling R.S. to an award of exemplary and punitive damages.

75. R.S. seeks wrongful death damages under this claim in her individual capacity. R.S. also seeks survival damages under this claim as a successor-in-interest to Decedent.

# EIGHTH CLAIM FOR RELIEF

## Violation of Bane Act (Cal. Civ. Code § 52.1)

### (By R.S. and PHYLLIS HALLSTROM Against CITY, PICONE, RODRIGUEZ, and DOES 1-5)

76. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. PICONE, RODRIGUEZ, and DOES 1-5 attempted to interfere with and interfered with the rights of Decedent, R.S., and PHYLLIS HALLSTROM of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts;

78. Decedent and PHYLLIS HALLSTROM reasonably believed that if they exercised their rights of free speech, free expression, free assembly, free association, due process, and to be free from unreasonable search and seizure, PICONE, RODRIGUEZ, and DOES 1-5 would commit violence against them.

79. PICONE, RODRIGUEZ, and DOES 1-5 injured Decedent, R.S., and PHYLLIS HALLSTROM to prevent them from exercising their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against them for having exercised their rights of free speech, free expression, free assembly, free association, due process, and to be free from unreasonable search and seizure.

80. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was a substantial factor in causing harm to Decedent, R.S., and PHYLLIS HALLSTROM.

81. CITY is vicariously liable for the wrongful acts of PICONE, RODRIGUEZ, and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. The conduct of PICONE, RODRIGUEZ, and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, R.S., and PHYLLIS HALLSTROM, entitling R.S. and PHYLLIS HALLSTROM to an award of exemplary and punitive damages.

83. R.S. and PHYLLIS HALLSTROM seek wrongful death damages under this claim in their individual capacities. R.S. also seeks survival damages under this claim as a successor-in-interest to Decedent. PHYLLIS HALLSTROM also seeks damages for being denied visitation with Decedent while he was dying in the hospital.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request entry of judgment in their favor and against Defendants as follows:

- A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;
- B. For funeral and burial expenses, and loss of financial support;
- C. For punitive damages in an amount to be proven at trial (against the individual defendants only);
- D. For interest;
- E. For an award of reasonable attorneys' fees under federal and state law, including a multiplier and litigation expenses;
- F. For costs of suit; and
- G. For any other equitable or legal relief that the Court deems just, proper, and appropriate.

1 | DATED:  June 19, 2014            LAW OFFICE OF JOHN C. FATTAHI

                        By  /s/ John C. Fattahi
                             John C. Fattahi
                             *Attorneys for Plaintiffs R.S. and Phyllis Hallstrom*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: June 19, 2014                    LAW OFFICE OF JOHN C. FATTAHI

By  /s/ John C. Fattahi
John C. Fattahi
*Attorneys for Plaintiffs R.S. and Phyllis Hallstrom*