UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     **(In Chambers)** PLAINTIFF PHYLLIS HALLSTROM'S MOTION TO MODIFY SCHEDULING ORDER (Dkt. No. 54, filed July 9, 2015)

PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Dkt. No. 58, filed July 20, 2015)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing scheduled for August 17, 2015 is vacated, and the matters are hereby taken under submission.

## I.     INTRODUCTION & BACKGROUND

Plaintiffs R.S. and Phyllis Hallstrom ("Hallstrom")—the minor daughter and mother, respectively of Jason Earling Hallstrom ("decedent"), who was shot and killed by defendant police officers after a vehicular pursuit in Santa Ana, California—filed this action on April 22, 2014. Plaintiffs allege that the officers unjustifiably used deadly force against decedent, and that after decedent was mortally wounded, officers failed to give him proper medical attention and then prevented him from receiving visitors, including Hallstrom, as he lay dying in the hospital. The operative First Amended Complaint ("FAC") names as defendants the City of Santa Ana, police officer Peter C. Picone, Santa Ana police officer John C. Rodriguez, and Doe 1 through 10. The FAC alleges several constitutional claims pursuant to 42 U.S.C. § 1983, as well as state law claims for battery, negligence, and false imprisonment, and violations of the Bane Act, Cal. Civ. Code § 52.1. See generally FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

      On August 25, 2014, the Court stayed this lawsuit pending resolution of criminal proceedings against Travis Mock, plaintiff in a related civil case. See Dkt Nos. 30, 34. On April 6, 2015, after lifting the stay, the Court entered a scheduling order with the following dates and deadlines:

1. Request for leave to file amended pleadings or to add parties: July 10, 2015
2. Settlement Completion Cutoff: November 20, 2015
3. Discovery Cut-off: November 20, 2015
4. Last Day to File Motions: December 18, 2015
5. Status Conference re: Settlement (11:00 A.M.): November 30, 2015
6. Pretrial Conference/Hearing on Motions in Limine (11:00 A.M.): March 21, 2016
7. Jury Trial (9:30 A.M.): March 29, 2016

Dkt. No. 41.

      On July 9, 2015, Hallstrom filed a motion to extend the first of these deadlines to July 27, 2015 so that plaintiffs could file a proposed Second Amended Complaint ("SAC") naming additional defendants that allegedly thwarted Hallstrom's attempts at seeing decedent in the hospital prior to his death. Dkt. No. 54. Defendants opposed the motion on July 20, 2015. Dkt. No. 57. Plaintiffs replied on July 27, 2015. Dkt. No. 61. For the reasons stated below, the Court concludes that the requested modification of the scheduling order should be granted, and accordingly considers plaintiffs' motion for leave to file a proposed SAC, which was filed on July 20, 2015. See Dkt. No. 58.

      The proposed SAC seeks to add as defendants Chief Carlos Rojas ("Rojas"), Detective Leo Rodriguez, and Corporal Anthony Bertagna ("Bertagna"). See Dkt. No. 58-1. It alleges that all three officers were involved in causing decedent to be detained and arrested in violation of the Fourth and Fourteenth Amendments, and unreasonably denying him any visitation while he was in the hospital. See id. ¶¶ 27–28, 44. The proposed amendments would add each new defendant to plaintiffs' claims for unreasonable detention and arrest in violation of the Fourth Amendment, excessive force and denial of medical care in violation of the Fourth Amendment, interference with familial relationship in violation of the Fourteenth Amendment, and negligence. The proposed SAC also adds Rojas to plaintiffs' claim for municipal and supervisory liability under § 1983. Id. ¶¶ 50–55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

Defendants opposed the motion for leave to file an amended complaint on July 27, 2015, and plaintiffs replied on July 28, 2015. Dkt. Nos. 60, 62. For the reasons that follow, the Court concludes that plaintiffs' motion for leave to amend should be granted.

## II. MOTION TO MODIFY THE SCHEDULING ORDER

### A. Legal Standard

A motion to modify the district court's scheduling order is governed by Federal Rule of Civil Procedure 16(b)(4). See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). That Rule provides that a scheduling order shall be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609. Accordingly, although the court may consider prejudice to the opposing party, the focus is on the moving party's explanation for its delay; if that party has not been diligent, "the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.; see Warner/Chappell Music, Inc. v. Rap-A-Lot 2K Records, Inc., No. CV 12-10022 DDP (JCx), 2014 U.S. Dist. LEXIS 142249, at *1 (C.D. Cal. Sept. 29, 2014) (denying application to continue dates where counsel failed to "manage their schedules in a way that allow[ed] them to complete the discovery work necessary in the time provided"). But a pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609.

### B. Analysis

Defendants argue that plaintiffs, through defendants' initial disclosures and dispatch logs produced in discovery, were apprised of the names of the officers who allegedly blocked Hallstrom's attempts to visit decedent in the hospital. As such, defendants contend that plaintiffs were not reasonably diligent in moving to amend the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

complaint.[1] But while defendants did provide plaintiffs with dispatch logs that include the names of officers purportedly assigned to guard decedent at the hospital, see Dkt. No. 57-1, it appears that the individuals plaintiffs now seek to add as defendants were not on those logs. Bertagna's name is nowhere present on the dispatch logs, or the portion of defendants' initial disclosures provided to the Court. And although the name Rodriguez does appear once in the dispatch logs, it is unclear to which Rodriguez—John or Leo, if not another—the log is referring.[2] Additionally, Hallstrom points out in her reply that the defendants she seeks to add were not the officers identified in the dispatch logs as on "guard duty," but rather "their superiors, who made a considered decision to deny . . . visitation." Dkt. No. 61 at 1–2.

Unpersuaded by defendants' contentions, the Court finds that plaintiffs were reasonably diligent in attempting to discover the names of the proposed additional defendants. On the first day of discovery following the lift of the stay in this action, plaintiffs' counsel served on the City requests for production of documents relating to attempts by decedent's family members to visit him in the hospital. Fattahi Decl. ¶ 3. Plaintiffs' counsel also served a subpoena duces tecum on the Orange County District Attorney's Office on April 21, 2015, and immediately stipulated to a protective order and took other steps necessary to obtain documents pursuant to that subpoena. Id. And on June 11, 2015 (by which time, plaintiffs' counsel avers, he had become aware that the District Attorney's Office either had no responsive documents or would not produce them), plaintiffs served interrogatories on the City seeking information regarding the

---

[1] To the extent defendants argue that the scheduling order should not be modified because the proposed amendments are futile, the Court addresses that argument in connection with plaintiffs' motion for leave to amend. See Mammoth Recreations, 975 F.2d at 609 ("[A] court's evaluation of good cause [to modify the scheduling order] is not coextensive with an inquiry into the propriety of the amendment under Rule 15.").

[2] In opposition to the instant motion, defendants submit only the first page of their initial disclosures, followed by a proof of service for a proposed order that appears to relate to a different document. See Dkt. No. 57-2. The only name that appears on the first page of the disclosures is Officer C. Aguilera, and the Court will not blindly accept defendants' assertion that the relevant names are listed somewhere on the omitted pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

alleged denial of visitation. Id. Plaintiffs also sought leave to modify the scheduling order soon after obtaining the relevant names.

On this record, the Court finds that plaintiffs have shown diligence under the meaning of Rule 16. Moreover, this litigation is still in its early stages, and defendants do not even argue that they will be unfairly and substantially prejudiced by the filing of the proposed SAC. For these reasons, plaintiffs' motion is **GRANTED**. The scheduling order is modified to reflect July 27, 2015 as the deadline to request leave to file amended pleadings or to add parties. Other dates in the scheduling order remain unchanged.

### III. MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

#### A. Legal Standard

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). However, a district court should freely grant leave when justice so requires, see id., and the Ninth Circuit has made clear that this policy "is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). These factors are not all equal: "delay, by itself, is insufficient to justify denial of leave to amend," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987), and many courts "have stressed prejudice to the opposing party as the key factor," Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). The district court's decision on a motion for leave to amend is reviewed for abuse of discretion. See Ryan v. Editions Ltd. W., Inc., 786, F.3d 754, 767 (9th Cir. 2015).

#### B. Analysis

The Court notes at the outset that defendants argue only two factors relevant to deciding whether to grant leave to amend: undue delay and futility of amendment. There is no allegation that plaintiffs are proceeding in bad faith or that defendants would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

unfairly prejudiced by the proposed amendments, and plaintiffs have amended their complaint only once.

      1.      Futility

      Defendants argue that permitting leave to amend would be futile for several reasons. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). A district court cannot resolve disputed questions of fact when considering whether to grant leave to amend. See id. Moreover, "[d]enial of leave to amend on this ground is rare," because courts ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003); see SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2003) (explaining that "amendment is 'futile' only if it would clearly be subject to dismissal," and that "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend").

      Defendants first contend that allowing leave to amend would be futile as to plaintiffs' claim for negligence, as the proposed new defendants are immune from negligence liability under California Government Code section 821.6, which provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. "Section 128.6 is not limited to the act of filing a criminal complaint. Instead, it also extends to actions taken in preparation for formal proceedings. Because investigation is an essential step toward the institution of formal proceedings, it is also cloaked with immunity." Amylou R. v. County of Riverside, 28 Cal. App. 4th 1205, 1209–10 (1994) (internal quotation marks omitted); see Johnson v. City of Pacifica, 4 Cal. App. 3d 82, 87–88 (1970) (applying section 128.6 to negligence claims). Section 821.6 has also been extended to apply to injuries suffered by third parties who were not themselves the subject of the judicial proceeding. See Amylou R., 28 Cal. App. 4th at 1214.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

  Nonetheless, the Court cannot at this juncture conclude that the proposed defendants are immune from state law negligence liability for all of their alleged acts. Most notably, plaintiffs may be able to show that denying Hallstrom entry to decedent's hospital room was not in furtherance of an investigation or otherwise involved with instituting or prosecuting a judicial proceeding and that, as such, section 821.6 does not apply. See Catsouras v. Dep't of Cal. Highway Patrol, 181 Cal. App. 4th 856, 889 (2010) (rejecting police officers' claim of immunity under section 821.6 because the alleged actions may not have been in furtherance of an investigation, and such issues should not be disposed of on a demurrer). And defendants cite no factually analogous case that clearly shows that the addition of the proposed new defendants to the negligence claim would be futile.

  Defendants further argue that denying Hallstrom the right to see decedent in the hospital does not qualify as a violation of due process, making amendment futile as to that claim. As defendants acknowledge, "a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child." Curnow ex rel. Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991). "[O]nly official conduct that 'shocks the conscience,' " however, "is cognizable as a due process violation." Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). Defendants argue that claims against the proposed new defendants cannot possibly meet this standard because "none of the proposed defendants are alleged to have used force." Dkt. No. 60 at 7. But defendants cite no authority that stands for the proposition that the use of physical force is necessary for conduct to shock the conscience. And the Court is not prepared to say at this point that unreasonably denying a mother the right to visit in the hospital her dying son—who had been arrested but not arraigned—could not be found to shock the conscience. Moreover, to the extent defendants argue that the proposed defendants' lack of direct on-the-scene participation in the alleged violations makes the contemplated amendments futile, the Court disagrees. See Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004) (holding that officers can be held liable for a constitutional violation on a finding of "integral participation," which "does not require that each officer's actions themselves rise to the level of a constitutional violation," and can occur when an officer is aware of an unconstitutional decision, does not object to it, and participates "in some meaningful way").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

Nor is the Court persuaded that adding the proposed defendants would be futile because the alleged actions were, as a matter of law, justified by safety concerns or other legitimate reasons, or because decedent "surrendered rights and privileges consistent with proper imprisonment as soon as he was lawfully taken into custody." Id. at 7–8. Defendants rely for these arguments on factually distinguishable cases involving more developed factual records, and at least at this early stage, those cases are not so clearly controlling so as to deny leave to amend.[3]

Considering all of the factors cited above, and taking into account the "extreme liberality" with which leave to amend should be granted, Owens, 244 F.3d at 712, the Court concludes that the proposed amendments are not clearly futile, and that defendants' arguments regarding the merits of plaintiffs' claims are better addressed at a later stage of the litigation.

    2.    Undue Delay

Defendants also oppose allowing leave to amend on the grounds that plaintiff delayed naming Rojas as a defendant, despite being aware of his involvement with the underlying facts at the time plaintiffs filed their initial complaint. Acknowledging that they could have sought to add Rojas sooner, plaintiffs contend that any delay was not unreasonable because (1) they wanted to conduct additional discovery, which led to a belief that Rojas was "personally involved in the decision to deny visitation" to decedent; and (2) it was more efficient to make all visitation-related amendments at the same time. Dkt. No. 62 at 3–4 (emphasis in original).

Although plaintiffs arguably could have been more diligent in seeking to add Rojas before the deadline, "delay, by itself, is insufficient to justify denial of leave to amend."

---

[3] See Bell v. Wolfish, 441 U.S. 520, 538–39 & n.20 (1979) (holding that there is no constitutional violation where "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective," but noting that a violation may be found where a legitimate end could be accomplished with less harsh alternatives); see also Overton v. Bazzetta, 439 U.S. 126 (2003) (upholding visitation limitations pertaining to convicted prisoners); Morrissey v. Brewer, 408 U.S. 471 (1972) (addressing due process rights of parolees).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS (FFMx) | Date | August 4, 2015 |
| Title | R.S., ET AL. v. CITY OF SANTA ANA, ET AL. | | |

Leighton, 833 F.2d at 186. And defendants have not identified any way in which naming Rojas at this point will unfairly and substantially prejudice defendants. See Texaco, 939 F.2d at 798. Therefore, delay does not justify denial of leave to amend.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion to modify the scheduling order, and **GRANTS** plaintiffs' motion for leave to file a Second Amended Complaint. Plaintiffs' proposed Second Amended Complaint, Dkt. No. 58-1, is deemed filed as of the date of this order.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |