UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| John Fattahi | Johnny Rundell | |

**Proceedings:** DEFENDANTS' ROJAS, BERTAGNA, AND L. RODRIGUEZ'S MOTION TO DISMISS(Filed 09/16/15)[71]

## I. INTRODUCTION

On August 4, 2015, plaintiffs R.S. and Phyllis Hallstrom ("Hallstrom") (collectively, "plaintiffs") filed the operative second amended complaint ("SAC") against defendants the City of Santa Ana ("Santa Ana"), police officer Peter C. Picone ("Picone"), police officer John C. Rodriguez ("C. Rodriguez"), Chief Carlos Rojas ("Rojas"), Detective Leo Rodriguez ("L. Rodriguez"), Corporal Anthony Bertagna ("Bertagna"), and Does 1 through 10 (collectively, "defendants"). Dkt. 65. The SAC asserts claims against defendants for: (1) search and seizure — unreasonable detention and arrest in violation of 42 U.S.C. § 1983; (2) search and seizure — excessive force and denial of medical care in violation of 42 U.S.C. § 1983; (3) due process — interference with familial relationship in violation of 42 U.S.C. § 1983; (4) municipal and supervisorial liability pursuant to 42 U.S.C. § 1983; (5) battery; (6) negligence; (7) false arrest and false imprisonment; and (8) violation of the Bane Act, California Civil Code § 52.1. Id.

On September 16, 2015, Rojas, Rodriguez, and Bertagna (the "moving defendants") filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 71. The moving defendants are named in plaintiffs' claims for search and seizure — unreasonable detention and arrest, due process — interference with familial relationship, and negligence. Dkt. 65. In addition, Rojas is named in plaintiffs' claim for municipal and supervisorial liability. Id. On September 28, 2015, plaintiffs filed an opposition, Dkt. 72, and on October 2, 2015, the moving defendants filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

opposition, Dkt. 73. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

### A.  Allegations of the SAC

The SAC alleges the following facts: Plaintiffs R.S. and Hallstrom are the minor daughter and mother, respectively, of Jason Earling Hallstrom ("decedent"). SAC ¶¶ 5-6. On March 15, 2013, decedent was involved in a brief vehicular pursuit with two members of the Santa Ana police force, Picone and C. Rodriguez. Id. ¶ 16. Following the brief pursuit, Officers Picone and C. Rodriguez fired several gunshots at decedent from behind and decedent sustained two gunshot wounds. Id. ¶ 19. Plaintiffs contend that decedent was unarmed and posed no immediate threat of death or serious bodily injury to anyone. Id. ¶ 20.

Plaintiffs allege that after decedent sustained the gunshot wounds, Picone and C. Rodriguez unreasonably delayed in seeking medical attention for him. Id. ¶ 21. As a result, decedent suffered profound pain and suffering, emotional distress, and mental anguish. Id. ¶ 22. While decedent was dying in the hospital, plaintiffs allege that Rojas, L. Rodriguez, Bertagna, and other members of the Santa Ana police force unreasonably prevented him from receiving visitors, including his mother, Hallstrom. Id. On March 23, 2013, decedent passed away. Id.

### B.  Procedural History

Plaintiffs filed this action on April 22, 2014. Dkt. 4. On August 25, 2014, the Court stayed this lawsuit pending resolution of criminal proceedings against Travis Mock, a plaintiff in a related civil case. See Dkt. 30, 34. On April 6, 2015, the Court lifted the stay. Dkt. 41.

On July 20, 2015, plaintiffs filed a motion for leave to file a proposed SAC. Dkt. 58. The proposed SAC sought to add defendants Rojas, L. Rodriguez, and Bertagna to several of plaintiffs' claims. Id. Defendants' opposed this motion and argued, among other things, that amendment would be futile because plaintiffs' claims against Rojas, L. Rodriguez, and Bertagna, were both legally and factually deficient. See Dkt. 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

Nonetheless, the Court concluded "that the proposed amendments are not clearly futile," and therefore granted plaintiffs leave to file the proposed SAC. Dkt. 64.[1]

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

---

[1] Plaintiffs argue that the Court's ruling granting plaintiffs leave to file an amended complaint forecloses the instant motion to dismiss. Opp'n., at 3. According to plaintiffs, by finding that the proposed amendment adding claims against the moving defendants was not "futile" the Court "necessarily found that the SAC was not subject to dismissal under Rule 12(b)(6)." Id. Plaintiffs overstate the impact of the Court's prior ruling. In granting leave to amend, the Court specifically noted "the 'extreme liberality' with which leave to amend should be granted." See Dkt. 64 (citing Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001); see also SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2003) (explaining that "amendment is 'futile' only if it would clearly be subject to dismissal," and that "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend"). Nonetheless, the standards for determining futility and for ruling on a motion to dismiss pursuant to Rule 12(b)(6) are not dissimilar. See Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011) ("[T]he 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).' ") (citing Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988). Accordingly, the Court's prior analysis of plaintiffs' claims against the moving defendants is instructive in ruling on the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

## IV. ANALYSIS

### A. Plaintiffs' Section 1983 Claims

The SAC asserts two claims for violation of section 1983 against all of the moving defendants — unreasonable arrest and detention in violation of the Fourth Amendment and interference with a familial relationship in violation of the due process clause of the Fourteenth Amendment. See generally SAC. Both of these claims are based on defendants' alleged denial of visitation rights to decedent and his family. Id. ¶¶ 28, 41, 44. The moving defendants argue that the allegations in the SAC are "nothing more than 'mere conclusory statements' and therefore the SAC fails to state a claim for relief against the moving defendants. Mot., at 7.

In order to state a claim for relief under section 1983, "two — and only two — allegations are required . . . First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Moreover, in a recent decision the Ninth Circuit explained: "under the federal rules a complaint is required only to give [] notice of the claim such that the opposing party may defend himself or herself effectively. The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts." Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011). Here, plaintiffs allege that the moving defendants, who are all police officers employed by the City of Santa, violated their rights under the Fourth and Fourteenth amendments. Specifically, plaintiffs allege that after decedent was shot and taken to the hospital, the moving defendants, among others, prevented Hallstrom from visiting decedent. Furthermore, plaintiffs allege that the moving defendants were "integral participants" in, or failed to intervene in, the denial of visitation rights.

Defendants argue that these allegations are insufficient to state a claim for violations of section 1983 because plaintiffs do not "specify what, exactly, any of the [moving] defendants did." Mot., at 5. In support of this argument, the moving defendants rely almost exclusively on lengthy quotations from the Supreme Court's discussion of pleading standards pursuant to Federal Rule of Civil Procedure 8 in Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal. Mot., at 3-5, 6, 8. However, to survive a motion to dismiss pursuant to Rule 12(b)(6) a complaint does not need "detailed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

factual allegations." Twombly, 550 U.S. at 555. Here, the SAC alleges that during the several days before decedent passed away, officers of the Santa Ana Police Department, including Rojas, L. Rodriguez, and Bertagna, prevented plaintiffs from visiting with decedent. See SAC ¶¶ 22, 28, 44. The Ninth Circuit has held that conduct which "shocks the conscience" and interferes with a persons relationships with their immediate family members "is cognizable as a due process violation." Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008); see also Curnow ex rel. Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991) ("a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child."). And, in the August 4, 2015 order granting plaintiffs leave to file the SAC, the Court stated that it was "not prepared to say at this point that unreasonably denying a mother the right to visit in the hospital her dying son . . . could not be found to shock the conscience." Dkt. 64, at 7. Similarly, the Court is not prepared to say at this point that plaintiffs' allegations that officers, including the moving defendants, denied Hallstrom access to decedent as he was dying are insufficient to state a claim for violation of section 1983.

The moving defendants also argue that the SAC is deficient because it "provides no facts pertaining to the [moving defendants] alleged involvement." Mot., at 5. However, the SAC explicitly alleges that Rojas, L. Rodriguez, and Bertagna prevented plaintiffs from visiting decedent. SAC ¶ 22. And, even if these defendants were not directly involved in the denial of visitation, the Ninth Circuit has recognized that a defendant may be liable pursuant to section 1983 if they were an "integral participant" in a constitutional violation. See Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004) (holding that officers can be held liable for a constitutional violation on a finding of "integral participation," which "does not require that each officer's actions themselves rise to the level of a constitutional violation," and can occur when an officer is aware of an unconstitutional decision, does not object to it, and participates "in some meaningful way"). Here, each of the moving defendants holds a position of authority within the Santa Ana Police Department. In the SAC, L. Rodriguez is identified as a detective, Bertagna as a corporal, and Rojas as the Chief. SAC ¶ 7. Based on these positions, and the responsibilities that likely accompany such positions, it is at least plausible that the moving defendants participated "in some meaningful way" in the constitutional violations alleged in the SAC. See Boyd, 374 F.3d at 780. And the moving defendants have raised no meaningful arguments that they were not involved or were not aware that officers in the Santa Ana Police Department had been preventing plaintiffs from visiting decedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

See also Starr, 562 F.3d at 1216-17 ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.").[2]

Accordingly, the Court finds that the SAC has adequately alleged a violation of section 1983 against the moving defendants. Therefore, the Court DENIES defendants motion to dismiss.

### B. Plaintiffs' Negligence Claim

The SAC asserts a claim for negligence against all defendants. Plaintiffs allege that defendants engaged in several negligent and reckless acts or omissions including, among others, "preventing Phyllis Hallstrom from visiting Decedent in the hospital." SAC ¶ 64. The moving defendants argue that plaintiffs claim for negligence is legally and factually deficient.

---

[2] Plaintiffs also assert a claim for supervisory liability pursuant to section 1983 against Rojas. SAC ¶¶ 49-56. The moving defendants assert that they seek the dismissal of the SAC in its entirety as it pertains to the moving defendants. Reply at 5. However, in their Motion the moving defendants do not specifically address plaintiffs' claim for supervisory liability, and in none of their papers do the moving defendants raise a distinct challenge to plaintiffs' claim for supervisory liability. Accordingly, the Court is at a loss to determine on what basis the moving defendants believe this claim is deficient. Nonetheless, under section 1983, supervisory liability can be imposed if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d at 1207–08 (internal citations omitted). Here, plaintiffs allege that Rojas was personally involved in preventing Hallstrom from visiting decedent. See SAC ¶ 22. Moreover, as stated above, based on his position as the Chief of the Santa Ana Police Department, it is at least plausible that Rojas meaningfully participated in the conduct plaintiffs allege. Accordingly, the SAC sufficiently states a claim for supervisory liability against Rojas.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

First, the moving defendants argue that they are immune from negligence liability under California Government Code section 821.6, which provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. Section 821.6 immunity " 'extends to actions taken in preparation for formal proceedings,' including actions 'incidental to the investigation of crimes.' " Blankenhorn v. City of Orange, 485 F.3d 463, 488 (9th Cir. 2007) (citing Amylou R. v. Cnty of Riverside, 28 Cal. App. 4th 1205, 1210-11 (1994)). "Even so, section 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation." Id.

The Court has previously stated that, with regard to this action, the applicability of section 821.6 is better determined at a later stage of litigation. In granting plaintiffs leave to file the SAC the Court stated:

> [T]he Court cannot at this juncture conclude that the proposed defendants are immune from state law negligence liability for all of their alleged acts. Most notably, plaintiffs may be able to show that denying Hallstrom entry to decedent's hospital room was not in furtherance of an investigation or otherwise involved with instituting or prosecuting a judicial proceeding and that, as such, section 821.6 does not apply. See Catsouras v. Dep't of Cal. Highway Patrol, 181 Cal. App. 4th 856, 889 (2010) (rejecting police officers' claim of immunity under section 821.6 because the alleged actions may not have been in furtherance of an investigation, and such issues should not be disposed of on a demurrer).

Dkt. 64, at 7. In their motion, the moving defendants raise no new arguments suggesting that the denial of visitation rights was in furtherance of an investigation or that the Court could determine at this stage that their conduct was in furtherance of an investigation. Accordingly, the Court finds that it is still premature to determine whether preventing Hallstrom from visiting decedent was "in the course or as a consequence of an investigation."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00589-CAS(FFMx) | Date | November 2, 2015 |
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

  Finally, defendants argue that the SAC is factually deficient because plaintiffs "have not alleged any specific facts concerning any alleged acts or omissions on the part of" the moving defendants. Mot., at 9. However, the moving defendants have cited no factually analogous cases, or any authority for that matter, in support of their argument that the allegations in the SAC are insufficient to state a claim for negligence. Moreover, to the extent the moving defendants did not intentionally prohibit Hallstrom from visiting decedent, it is at least plausible that Hallstrom was denied access to her dying son as a result of the moving defendants negligent or reckless acts or omissions.

  Accordingly, the Court finds that plaintiffs have adequately pled a claim for negligence and the moving defendants' motion is DENIED.

## V.  CONCLUSION

  In accordance with the foregoing the Court **DENIES** defendants Bertegna, L. Rodriguez, and Rojas' motion to dismiss plaintiffs' SAC.

  IT IS SO ORDERED.

| | | 00 | : | 04 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |