UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-00589-CAS-FFM | Date | November 17, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

        N/A                                    N/A

**Proceedings:**     PLAINTIFF PHYLLIS HALLSTROM'S MOTION TO MODIFY SCHEDULING ORDER [75]

PLAINTIFFS' EX PARTE APPLICATION TO SHORTEN TIME ON MOTION TO EXTEND DISCOVERY CUTOFF [76]

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of November 30, 2015, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

Plaintiffs R.S. and Phyllis Hallstrom ("Hallstrom") — the minor daughter and mother, respectively of Jason Earling Hallstrom ("decedent"), who was shot and killed by defendant police officers after a vehicular pursuit in Santa Ana, California — filed this action on April 22, 2014. Plaintiffs allege that the officers unjustifiably used deadly force against decedent, and that after decedent was mortally wounded, officers failed to give him proper medical attention and then prevented him from receiving visitors, including Hallstrom, as he lay dying in the hospital. The operative Second Amended Complaint ("SAC") names as defendants the City of Santa Ana, police officer Peter C. Picone, Santa Ana police officer John C. Rodriguez, Chief Carlos Rojas, Detective Leo Rodriguez, Corporal Anthony Bertagna, and Does 1 through 10. The SAC alleges several constitutional claims pursuant to 42 U.S.C. § 1983, as well as state law claims for battery, negligence, and false imprisonment, and violations of the Bane Act, Cal. Civ. Code § 52.1. See generally SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 8:14-cv-00589-CAS-FFM | Date | November 17, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

On November 2, 2015, plaintiffs filed the instant motion to extend discovery. Dkt. 75. On November 9, 2015, defendants filed an opposition, Dkt. 83, and on November 11, 2015, plaintiffs filed a reply, Dkt. 84. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to modify the district court's scheduling order is governed by Federal Rule of Civil Procedure 16(b)(4). See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). That Rule provides that a scheduling order shall be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609. Accordingly, although the court may consider prejudice to the opposing party, the focus is on the moving party's explanation for its delay; if that party has not been diligent, "the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.; see Warner/Chappell Music, Inc. v. Rap-A-Lot 2K Records, Inc., No. CV 12-10022 DDP (JCx), 2014 U.S. Dist. LEXIS 142249, at *1 (C.D. Cal. Sept. 29, 2014) (denying application to continue dates where counsel failed to "manage their schedules in a way that allow[ed] them to complete the discovery work necessary in the time provided"). But a pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609.

## III.   ANALYSIS

The parties discovery cut-off is presently scheduled for November 20, 2015. See Dkt. 75. In the instant motion, plaintiffs request that the Court extend the discovery cut-off to December 18, 2015. Id. According to plaintiff, this extension is necessary for plaintiff to complete important discovery, specifically: (a) the depositions of three defendants who have yet to file an Answer or make Rule 26(a)(1) disclosures due to dilatory motions practice (scheduled for November 19, 2015) and possible followup depositions, (b) the Rule 30(b)(6) deposition of defendant City of Santa Ana (scheduled in part for November 19, 2015) and possible follow-up depositions, (c) the deposition of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-00589-CAS-FFM | Date | November 17, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

a percipient witness to the shooting whom plaintiff has been unable to locate for service, (d) the deposition of the forensic pathologist who performed the autopsy on decedent, (e) a request for admission to defendants regarding the newly disputed paternity of Plaintiff R.S., (f) a request for production of documents to defendant City of Santa Ana for GPS speed and heading information, (g) an anticipated motion to compel further interrogatory responses by defendant City of Santa Ana, (h) an anticipated motion to compel defendant Rodriguez to produce documents, and (i) an anticipated contempt motion regarding defendant City of Santa Ana's failure to produce documents relating to defendant Rodriguez's prior officer-involved shootings.  Id. at 2-3.  Plaintiffs contend that this discovery cannot be completed by the current discovery cut-off and therefore an extension of the discovery cut-off of twenty-eight days is necessary.  Id. at 2.

Defendants argue that good cause does not exist for extending the discovery cut-off.  Opp'n., at 2.  More specifically, they contend that many of the discovery items plaintiff identifies could have been accomplished before the discovery cut-off had plaintiff exercised reasonable diligence.  Id. at 8.  However, it appears that many of these items only became necessary as a result of recent circumstances.  For example, plaintiffs state that they need to conduct depositions of three defendants, Rojas, Rodriguez, and Bertagna.  Mot., at 2.  These defendants have yet to file an answer to plaintiffs complaint or make their initial disclosures pursuant to Rule 26(a)(1).  Reply, at 3.  Rather, these defendants filed a motion to dismiss plaintiff's complaint, which the Court only recently denied on November 5, 2015.  See Dkt. 79.  Similarly, plaintiff contends that defendants have disputed or inadequately responded to a number of plaintiff's discovery requests.  Reply, at 5-7.  Plaintiff believes that an extension of the discovery cut-off is necessary for plaintiff to either obtain this discovery or pursue motions to compel discovery.  Id.  Accordingly, it appears that at least some of the items for which plaintiff is seeking an extension of the discovery cut-off could not have been accomplished even with the exercise of reasonable diligence.

Moreover, plaintiff believes that much of this discovery will be necessary for plaintiff to adequately oppose defendants' anticipated motion for summary judgment.  Id. at 8.  And, given the relatively brief extension of the discovery cut-off plaintiff is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 8:14-cv-00589-CAS-FFM | Date | November 17, 2015 |
|---|---|---|---|
| Title | R.S., ET AL. V. CITY OF SANTA ANA, ET AL. | | |

requesting, it appears that defendants will not suffer any significant prejudice from granting plaintiff's motion.[1]

Accordingly, because "good cause" exists for extending the discovery cut-off, the Court GRANTS plaintiff's motion to extend the discovery cut-off. The discovery cut-off is therefore rescheduled to December 18, 2015.[2]

**The hearing date of November 30, 2015, at 11:00 AM is vacated.**

IT IS SO ORDERED

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |

---

[1] Defendants' note that December 18, 2015, the date to which plaintiffs are requesting to extend the discovery cut-off is also the deadline to file dispositive motions. Opp'n., at 8. Defendants contend that, unless this deadline is amended, they will be unable to sufficiently address any additional information unearthed by further discovery in their motion for summary judgment. Id. The Court is not inclined to amend the deadline to file motions at this time. However, if necessary, defendants may file a request to supplement their motion for summary judgment after the December 18, 2015 deadline if it becomes necessary for them to present discovery produced near or after the December 18 deadline. .

[2] A hearing on plaintiff's motion to extend the discovery cut-off was originally scheduled for November 30, 2015. Plaintiff filed an ex parte application requesting that the court either decide this motion prior to November 30, 2015 without a hearing or, in the alternative, that the Court hold a hearing on November 17, 2015. Dkt. 76. Because the Court finds this motion appropriate for decision without oral argument, plaintiff's request is hereby GRANTED.